IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02528-WDM-BNB

JACK J. GRYNBERG, an individual,
COTUNDO MINERALES S.A., an Ecuadorian company,
RSM PRODUCTION CORPORATION, a Texas corporation, and
ARCHIDONA MINERALES, S.A., a Panama corporation,

Plaintiffs,

v.

IVANHOE ENERGY, INC.,
IVANHOE ENERGY LATIN AMERICA INC.,
IVANHOE ENERGY ECUADOR, INC.,
ROBERT M. FRIEDLAND, an individual,
DAVID R. MARTIN, an individual, and
JOSE FABRICO CORREA DELGADO, an Ecuadorian citizen, and
JOHN DOES 1-10, potential assignees of Ivanhoe Energy Ecuador Inc.,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Plaintiffs' Motion for Reconsideration, Or Alternatively for Stay, of Denial of Plaintiffs' Motion for Protective Order and Order to Answer Certain Discovery** [Doc. # 65, filed 3/10/2009] (the "Motion for Stay").  The motion concerns my Order [Doc. # 60, filed 3/4/2009] which compels the plaintiffs, on or before March 16, 2009, to answer one interrogatory and produce documents aimed at identifying the "Ecuador sources" mentioned in paragraph 38 of the original Complaint, as follows:

> Plaintiffs learned from their Ecuador sources that the key to this project was Mr. Jose Fabrico Correa Delgado, the older brother of President Raphael Correa Delgado of Ecuador, who acts as Senior Advisor to his younger brother the President of the Republic of Ecuador.  Upon information and belief, Defendant Jose Fabrico

> Correa Delgado demanded and received case and valuable gifts
> from his co-Defendants as his payment for expedite award of the
> Pungarayacu Block 20 concession to the Ivanhoe Defendants.

Verified Complaint and Demand for Jury Trial [Doc. # 1, filed 11/20/2008] (the "Original Complaint") at ¶38. The motion seeks a stay of that order pending a ruling by the district judge on the plaintiffs' motion to dismiss Correa from the action. The Motion to Stay is GRANTED. The plaintiffs are relieved of their obligation to respond to Interrogatory No. 7 and Production Request No. 6 pending a ruling by the district judge about whether he will impose conditions on the dismissal of Mr. Correa from the case and, if so, whether facts relating to the allegations of ¶38 of the Original Complaint are relevant to the conditions he intends to impose.

The Original Complaint names Mr. Correa as a defendant. Mr. Correa answered the Original Complaint, Answer [Doc. # 25, filed 1/20/2009] ("Correa's Answer"), and immediately filed a motion to dismiss, Defendant Jose Fabricio Correa Delgado's Motion to Dismiss [Doc. # 26, filed 1/20/2009] ("Correa's Motion to Dismiss"), arguing insufficiency of service of process, among other defenses. On February 3, 2009, plaintiffs filed the Motion for Voluntary Dismissal of Defendant Jose Fabricio Correa Delgado [Doc. # 28] ("Plaintiffs' First Motion to Voluntarily Dismiss Correa"), seeking to voluntarily dismiss Mr. Correa without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The district judge struck that motion by a minute order. Minute Order [Doc. # 34, filed 2/4/2009]. The plaintiffs then filed their Motion for Voluntary Dismissal of Defendant Jose Fabricio Correa Delgado [Doc. # 35, filed 2/4/2009] ("Plaintiffs' Second Motion to Voluntarily Dismiss Correa"), which again sought voluntary dismissal without prejudice under Rule 41(a)(2). On February 9, 2009, plaintiffs filed, without leave of court, their First Amended Verified Complaint and Demand for Jury Trial [Doc. # 40], which does not name Mr.

Correa as a defendant and does not contain any allegations concerning Mr. Correa similar to those contained in ¶38 of the Original Complaint. On February 14, 2009, Mr. Correa filed his Response to Plaintiffs' Motion for Voluntary Dismissal [Doc. # 45] (the "Correa Response"), arguing that his dismissal should be conditioned upon (1) payment by the plaintiffs of Mr. Correa's reasonable attorneys fees and costs in defending the action; (2) "elimination of any references to Correa in Plaintiffs' Complaint"; and (3) "full disclosure of information by Plaintiffs, through responses to the pending Discovery Requests. . . ." Correa Response at pp.12-13. On March 4, 2009, I entered the Order [Doc. # 60] which is the object of the instant Motion to Stay. Subsequent to my Order [Doc. # 60], plaintiffs filed their Motion for Dismissal With Prejudice of Defendant Jose Fabricio Correa Delgado [Doc. # 62, filed 3/9/200] ("Plaintiffs' Third Motion to Voluntarily Dismiss Correa"), this time requesting dismissal of Mr. Correa <u>with prejudice</u> under Rule 41(a)(2). The following day, the plaintiffs filed the instant Motion for Stay.

First, the district judge has retained to himself for decision the issue of whether to allow the voluntary dismissal of Mr. Correa and, if so, whether to impose conditions and what conditions to impose.

Second, the plaintiffs recent request to dismiss Mr. Correa <u>with prejudice</u> rather than without prejudice, made for the first time after my Order compelling discovery [Doc. # 60], alters the landscape concerning whether the plaintiffs' voluntary dismissal of Mr. Correa can be conditioned by the district judge and the conditions which can be imposed. See <u>Vanguard Environmental, Inc. v. Kerin</u>, 528 F.3d 756, 759-60 (10th Cir. 2008).

Third, it is not clear whether the district judge will consider matters relating to the allegations of ¶38 of the Original Complaint in connection with his determination of whether to allow the voluntary dismissal of Mr. Correa; whether to impose conditions on that dismissal; and what conditions to impose. If the district judge does believe the circumstances surrounding those allegations are important in framing the appropriate conditions, he may order the plaintiffs to provide the information he requires to frame those conditions. The likelihood that the district judge will require such information, in view of the Plaintiffs' Third Motion to Voluntarily Dismiss Correa, now with prejudice, is sufficiently in doubt as to warrant a stay of my Order compelling discovery.

On the particular facts of this case, I find that a stay of my Order [Doc. # 60] compelling discovery is warranted pending a ruling by the district judge.

IT IS ORDERED that the Motion to Stay is GRANTED. My Order [Doc. # 60] is STAYED pending a ruling by the district judge on the Plaintiffs' Third Motion to Voluntarily Dismiss Correa [Doc. #62].

Dated March 13, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge