IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-02528-WDM-BNB

JACK J. GRYNBERG*, et al.*,

     Plaintiffs,

v.

IVANHOE ENERGY, INC., *et al.*,

     Defendants.

---

**ORDER ON MOTIONS TO DISMISS AND
APPEAL OF MAGISTRATE JUDGE DECISION**

---

Miller, J.

This matter is before me on Defendant Jose Fabricio Correa Delgado's

("Correa") Motion to Dismiss (Docket No. 26); Plaintiffs' Motion to Dismiss Correa

Without Prejudice (Docket No. 35); Plaintiffs' Motion to Dismiss Correa With Prejudice

(Docket No. 62); and Plaintiffs' Appeal of Magistrate Judge's Ruling (Docket No. 68).  I

have considered the motions, related briefs, and Complaint and conclude that oral

argument would not materially assist in deciding these motions.  For the reasons that

follow, Correa's Motion to Dismiss shall be granted, Plaintiffs motions to dismiss shall

be denied, and the appeal shall be denied as moot.

Background

This case surrounds the Pungarayacu Tar Sands Heavy Oil Deposit (the

"Pungarayacu Field") in the Nation of Ecuador ("Ecuador").  According to Plaintiffs'

PDF Final

Original Complaint (Docket No. 1),[1] in March, April, and May 2006 Plaintiffs Grynberg

and Cotundo Minerales, S.A. ("Cotundo") obtained a mining concession from Ecuador

granting them exclusive rights for thirty years for exploration and production of

approximately 195,757.8 acres in the Pungarayacu Field.  In researching methods to

extract the reserves in the Pungarayacu Field, Grynberg contacted Ivanhoe Energy

("Ivanhoe"), a company that had a process utilizing the recovery and upgrading of

hydrocarbons from tar sands which potentially could have been useful in the

Pungarayacu Field.  Allegedly, Grynberg and Ivanhoe representatives discussed, over

emails and phone calls, the possibility of a joint venture to exploit the heavy oil deposits

in the Pungarayacu Field, and exchanged written information including a report

containing Grynberg's technical analysis of the Pungarayacu Field and a report detailing

Ivanhoe's process and its advantages.

Subsequently, in March 2008 Grynberg learned that Ivanhoe representatives

were in Quito, Ecuador negotiating for a concession to exploit the Pungarayacu Field.

In April 2008, Ecuador nationalized the Pungarayacu Field and indicated that it would

declare certain undeveloped mining concessions expired.  It is not clear if Plaintiffs'

mining concessions to the Pungarayacu Field were declared expired, but in October

2008, Ivanhoe, through a subsidiary, was awarded a different concession to the

---

[1] Plaintiffs have filed an Amended Complaint (Docket No. 40).  The Amended
Complaint, however, was filed after Correa filed an answer (Docket No. 25) to the
Original Complaint but without leave of court or written agreement from opposing parties
as required by Fed. R. Civ. P. 15(a)(2).  Furthermore, the Amended Complaint removes
all allegations concerning Correa as its purpose was to remove Correa as a defendant
from the case.  Therefore, I look to the Original Complaint for purposes of this Order.

Pungarayacu Field covering the entire area for which Plaintiffs' had previously held the concession.

With respect to the allegations against Correa, Plaintiffs allege that they learned from "their Ecuador sources" that Correa, as the older brother to President Raphael Correa Delgado of Ecuador, had demanded and received cash and valuable gifts from the other Defendants in exchange for expediting the award of the concession to the Pungarayacu Field to Ivanhoe and its subsidiaries. (Compl., Docket No. 1 ¶ 38.) The complaint also alleges that Defendant Robert M. Friedland bribed Ecuadorian Government officials, including Correa, and engaged in "monetary transactions in proceeds from specified unlawful activities." *Id.* ¶ 39. There are no other allegations in the complaint relating to Correa.

On January 20, 2009, Correa both answered the complaint (Docket No. 25) and filed a motion to dismiss for lack of personal jurisdiction, insufficient service of process, and *forum non conveniens* (Docket No. 26). Plaintiffs did not respond to Correa's motion to dismiss, instead filing a motion to voluntarily dismiss Correa without prejudice (Docket No. 35) on February 4, 2009.[2] I ordered Correa to respond to Plaintiffs' motion for voluntary dismissal (Docket No. 36). Before Correa responded, however, Plaintiffs filed an Amended Complaint (Docket No. 40), which removed Correa as a defendant

---

[2] Plaintiffs initially filed their motion for voluntary dismissal on February 3, 2009 (Docket No. 28), but this document was stricken for failure to follow the local rules (*see* Docket No. 34). Plaintiffs refiled their motion for voluntary dismissal without prejudice on February 4, 2009 (Docket No. 35).

from the case and deleted all allegations regarding Correa from the complaint.[3]

Notably, however, the Amended Complaint still alleges that the key to Ivanhoe's

procurement of the concession to the Pungarayacu Field was based on "access" to the

Ecuadorean President (although without specifying what type of access) and that the

remaining defendants bribed Ecuadorean government officials (although without

specifying which government officials).  (Docket No. 40 ¶ 37–38.)   Correa responded to

Plaintiffs' motion for voluntary dismissal without prejudice on February 17, 2009 (Docket

No. 45), arguing that although dismissal was warranted, I should impose three

conditions on the dismissal: (1) Plaintiffs be held liable for all of Correa's attorneys' fees

and costs; (2) the false allegations against Correa be stricken from the Complaint; and

(3) Plaintiffs be required to comply with their outstanding discovery obligations.  Correa

also answered the Amended Complaint (Docket No. 46).

On February 10, 2009, based on the jurisdictional issues raised in the case,

Magistrate Judge Boland ordered disclosure requirements and discovery stayed

pending further order of the court, but ordered Plaintiffs to respond to Correa's written

discovery requests. (Docket Nos. 43, 44).  Plaintiffs filed a motion for a protective order

(Docket No. 47) requesting that they not be compelled to answer two of Correa's

discovery requests (specifically, Interrogatory No. 7 and Request No. 6) because it

would subject the witnesses to needless invasion of their privacy, retaliation, and

harassment in Ecuador.  Plaintiffs further argued that Correa's dismissal from the case

---

[3] As discussed *supra*, the Amended Complaint was not filed in compliance with Rule 15(a)(2) as it was filed after Correa answered the Complaint and without leave of court or the opposing parties' written consent.

would render the evidence irrelevant.  After a hearing on the issue, Magistrate Judge

Boland denied Plaintiffs' motion for a protective order and again ordered Plaintiffs to

respond to Correa's discovery requests.  (*See* Docket Nos. 60, 61.)

Five days after Magistrate Judge Boland's order, Plaintiffs filed a motion for

voluntary dismissal of Correa with prejudice (Docket No. 62).  Plaintiffs moved for

reconsideration or, alternatively, a stay of the discovery order (Docket No. 65) and

appealed Magistrate Judge Boland's order (Docket No. 68).  Magistrate Judge Boland

granted a stay with respect to his discovery order "pending a ruling by the district judge

about whether he will impose conditions on the dismissal of Mr. Correa from the case

and, if so, whether facts relating to the allegations of ¶38 of the Original Complaint are

relevant to the conditions he intends to impose." (Docket No. 69 at 2.)  In support of the

stay Magistrate Judge Boland cited the fact that Plaintiffs had since moved for dismissal

*with prejudice* and noted that it was appropriate to defer to me the determination of

whether disclosure was necessary to my resolution of the issues.  On March 17, 2009,

Correa responded to Plaintiffs' motion for voluntary dismissal with prejudice (Docket No.

72), arguing again that although dismissal was warranted, exceptional circumstances,

such as Plaintiffs' alleged bad faith in bringing the lawsuit against Correa based on false

accusations, existed such that Correa was entitled to an award of attorneys' fees.

### Discussion

In this case, both parties seek essentially the same thing—dismissal of Correa

from the lawsuit.  The sole remaining issue appears to be whether Correa should be

awarded attorneys' fees.   Under these circumstances, although there are multiple

motions for dismissal, I conclude that the prudent way to proceed is to grant Correa's

motion to dismiss and deny both of Plaintiffs' motions for voluntary dismissal. Such a

procedure will achieve the ultimate goal of dismissing Correa from the lawsuit without

my having to determine the issue of attorneys' fees in the context of a Rule 41(a)(2)

motion as opposed to a motion for attorneys' fees, properly filed pursuant to Fed. R.

Civ. P. 54(d)(2), D.C.COLO.LCivR 54.3, and Section 7 of my PreTrial and Trial

Procedures.

Correa's initial motion to dismiss, filed on January 20, 2009, sought dismissal of

the claims against him based on, *inter alia*, insufficient service of process. (*See* Docket

No. 26). Although Plaintiffs never responded to this motion, they admitted in both of

their motions for voluntary dismissal that Correa was never properly served. (*See*

Docket No. 35 ¶ 4–5; Docket No. 62 ¶ 4–5). Plaintiffs have further admitted that service

was defective in other pleadings to this Court. (*See* Pls.' Mtn. for Protective Order,

Docket No. 47 ¶ 6 (stating that Correa's objections to "service of process by DHL" were

"patently sufficient to result in dismissal as soon as they were made").)[4] Therefore, as

all pleadings submitted to the Court are bound by the requirements of Fed. R. Civ. P. 11

and a court lacks personal jurisdiction over a defendant absent proper service of

process, *see Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797

(10th Cir. 2008); *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006), I

---

[4] I note that there is no dispute that Correa has not waived service pursuant to Fed. R. Civ. P. 4(d). Indeed, Plaintiffs admit in their motions for voluntary dismissal that Correa has not waived service, as it is his right to do. (*See* Docket No. 35 ¶ 5; Docket No. 62 ¶ 5).

conclude that this Court does not have personal jurisdiction over Correa.  Thus,

Correa's motion to dismiss shall be granted and Correa shall be dismissed from the

lawsuit without prejudice.  Although the issue of attorneys' fees was raised in the

context of Correa's dismissal from this case, because I am dismissing Correa for

insufficient service of process based on his own motion, which did not ask for attorneys'

fees, this Order does not constitute any determination of the merits of Correa's request

for attorneys' fees.  Correa remains free to move for attorney's fees by separate motion.

Furthermore, given that Correa is now dismissed from the action, there is no

reason for the Plaintiffs to be compelled to answer his discovery requests.  As such,

Magistrate Judge Boland's stay order shall remain in effect until further order of this

court.  Additionally, Plaintiffs' appeal of Magistrate Judge Boland's discovery order

ordering Plaintiffs to respond to Correa's discovery requests is moot and shall be denied

without prejudice.  I do note, however, that the discovery requests may become relevant

should Correa move for attorneys' fees.

Accordingly, it is ordered:

1.      Defendant Jose Fabricio Correa Delgado's Motion to Dismiss (Docket No. 26) is

        granted.

2.      Plaintiffs' Motion to Dismiss Correa Without Prejudice (Docket No. 35) is denied

        as moot.

3.      Plaintiffs' Motion to Dismiss Correa With Prejudice (Docket No. 62) is denied as

        moot.

4.      Plaintiffs' Appeal of Magistrate Judge's Ruling (Docket No. 68) is denied without

PDF Final                                       7

prejudice.

5.      Magistrate Judge Boland's discovery order (Docket Nos. 60, 61) shall remain

        stayed pending further order of this Court.

6.      Correa may file, pursuant to Fed. R. Civ. P. 54(d)(20, D.C.COLO.LCivR 54.3,

        and Section 7 of my PreTrial and Trial Procedures, a motion for attorneys' fees

        on or before Tuesday, August 25, 2009.  Plaintiffs shall have fourteen days

        thereafter to respond.


DATED at Denver, Colorado, on August 11, 2009.

                                                BY THE COURT:


                                                s/ Walker D. Miller
                                                United States Senior District Judge