IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-02528-WDM-BNB

JACK J. GRYNBERG, *et al.*,

Plaintiffs,

v.

IVANHOE ENERGY, INC., *et al.*,

Defendants.

---

**ORDER ON MOTION FOR SANCTIONS**

---

Miller, J.

This matter is before me on Defendant Robert M. Friedland's ("Friedland") Motion for Sanctions (Docket No. 39). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.

<u>Background</u>

This case surrounds the Pungarayacu Tar Sands Heavy Oil Deposit (the "Pungarayacu Field") in the Nation of Ecuador ("Ecuador"). Essentially, Plaintiffs allege that Defendants conspired to acquire Plaintiffs' concessions to the Pungarayacu Field by unlawfully utilizing Plaintiffs' confidential technical analysis of the Pungarayacu Field and bribing Ecuadorian officials, including President Raphael Correa Delgado, to cancel Plaintiffs' concessions and, instead, award the concessions to Defendants. Friedland is the President, CEO, and Executive Chairman of Ivanhoe Energy, Inc. ("Ivanhoe"). Ivanhoe is the parent company of both Ivanhoe Energy Latin America, Inc. ("IELA") and

Ivanhoe Energy Ecuador, Inc. ("IEE"), the company to which the Pungarayacu Field concessions were awarded. In the Original Complaint (Docket No. 1), Plaintiffs allege that Friedland was in Ecuador in March 2008 and had "started negotiations for the Plaintiffs' Pungarayacu deposit with the Government of Ecuador." (Compl., Docket No. 1 ¶ 34.) The Original Complaint goes on to allege that Jose Fabricio Correa Delgado ("Correa")[1] "demanded and received cash and valuable gifts from his co-Defendants as his payment to expedite award of the Pungarayacu [Field] concession to the Ivanhoe Defendants." *Id.* ¶ 38. Plaintiffs further allege that:

> Upon information and belief, Friedland violated the U.S. Foreign Corrupt Practices Act, 15 U.S.C. § 78 et seq. and the Interstate and Foreign Travel to Aid Racketeering Act, 18 U.S.C. § 1952 et seq., by bribing government officials, including Defendant Jose Fabricio Correa Delgado, in the Nation of Ecuador and engaging in monetary transactions in proceeds form specified unlawful activities (18 U.S.C. § 1957).

*Id.* ¶ 39. In the Fifth Cause of Action, Plaintiffs allege that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, by "associat[ing] together to willfully bribe Ecuadorian government officials to cancel Plaintiffs' licenses for the Pungarayacu Tar Sands Heavy Oil Deposit in the Nation of Ecuador contrary to the provisions and status of the Foreign Corrupt Practices Act." *Id.* ¶ 64(a).

On January 9, 2009, pursuant to Fed. R. Civ. P. 11(c)(2), Friedland sent Plaintiffs a copy of his Rule 11 motion which alleges that Plaintiffs did not have sufficient evidentiary support for the some of the factual contentions included in the Original

---

[1] Correa was previously a defendant in this lawsuit. However, I dismissed him from the case for lack of personal jurisdiction because service of process was never properly effected on him. (*See* Docket No. 112).

Complaint. Specifically, Friedland maintains that Plaintiffs' allegations that he traveled to Ecuador or bribed any Ecuadorian government officials are patently false and, therefore, could not have been supported by sufficient evidentiary basis as required by Fed. R. Civ. P. 11(b). Friedland submits a sworn affidavit stating that he has never traveled to Ecuador, has never met Correa, has never met with any Ecuadorian government officials, and has never bribed any government officials. (*See* Docket No. 39-2.) After waiting the requisite twenty-one days under Fed. R. Civ. P. 11(c)(2), Friedland filed the current motion for sanctions on February 9, 2009. The motion seeks "sanctions against Mr. Grynberg[2] and Mr. Jatko"[3] jointly and severally in the form of "attorney fees and costs incurred in responding to the frivolous allegations in the Complaint." Friedland also requests that Paragraphs 34, 38, 39 and 64(a) be struck from the Complaint.

On the same day that Friedland filed the Motion for Sanctions, Plaintiffs filed an Amended Complaint (Docket No. 40). Although this motion was not technically filed in accordance with Fed. R. Civ. P. 15(a)(2), I have accepted the Amended Complaint and declared it the operative complaint in this case in my Order on Various Motions, filed contemporaneously with this order. The Amended Complaint alters the specific allegations relating to Friedland, Correa, and the alleged bribery. Correa's involvement in the alleged bribery is completely excluded from the Amended Complaint which,

[2] Plaintiff Jack J. Grynberg ("Grynberg") verified the Original Complaint. (*See* Compl., Docket No. 1 at 19.)

[3] Roger A. Jatko ("Jatko") is one of the attorneys of record for the Plaintiffs in this action and the attorney that signed the Original Complaint. (*See* Compl., Docket No. 1 at 18–19.)

instead, alleges simply that "access to President Raphael Correa Delgado" was the "key" to Defendants' acquisition of the concessions to the Pungarayacu Field but does not specify which government official provided the "access" to President Correa Delgado or accepted the bribes. (Am. Compl., Docket No. 40 ¶ 37). With respect to Friedland, the Amended Complaint removes his name from the allegations, instead referring generally to "representatives of Ivanhoe" or "Defendants." *See id.* ¶ 33 (alleging that in March 2008, "representatives of Ivanhoe Energy were in Quito and had started negotiations for Plaintiffs' Pungarayacu deposit"), ¶ 38 (alleging that "representatives of the Ivanhoe Defendants" violated United States laws "by bribing government officials of the Nation of Ecuador, and engaging in monetary transactions in proceeds from specified unlawful activities"); ¶ 63(a) (alleging that "Defendants associated together in a criminal enterprise to willfully bribe Ecuadorian officials" for the Pungarayacu Field concessions).

## Standard of Review

Federal Rule of Civil Procedure 11 provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [*inter alia*] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b). Essentially, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The

rule applies with equal force to the attorney who signs the document and any represented party who signs the document. *See Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 543–44 (1991) ("It seems plain that the voluntary signature of a represented party, no less than the mandatory signature of an attorney, is capable of violating [Rule 11].").

With respect to violations, Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions may include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant or part of all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). However, imposition of sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see also Hutchinson v. Pfeil*, 208 F.3d 1180, 1183 (10th Cir. 2000) ("[I]n keeping with its 'ultimate goal of deterrence, rather than compensation,' Rule 11 'de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)).

## Discussion

In this case, Friedland seeks joint and several sanctions against Jatko, as the attorney who signed the Original Complaint, and Grynberg, as the represented party who verified the Original Complaint, for failure to ensure that the factual allegations in the Original Complaint had adequate evidentiary support. In response, Plaintiffs

present no valid argument that they had adequate evidentiary support for the specific allegations made against Friedland in the Original Complaint. Rather, they allege that they based their factual allegations in the Original Complaint on statements by witnesses in Ecuador whom Plaintiffs are currently not willing or unable to reveal due to alleged safety concerns for the witnesses.[4] Furthermore, Plaintiffs admit that "presently available witnesses may not now adequately support the precise identification of the Ivanhoe Energy, Inc. representatives who participated in the activities alleged in Plaintiffs' Verified Complaint (Doc. #1), paras. 34, 38, and 39." (Resp., Docket No. 59 ¶ 23.) Notably, however, they do not allege that the confidential witnesses specifically named Friedland as the individual engaging in negotiations in Ecuador or bribing Ecuadorian government officials. Nor do Plaintiffs provide any additional detail regarding the statements of these witnesses such as how these witnesses became aware of the bribery, whether the witnesses were in a position to know the specific parties involved in the alleged bribery, or whether the witnesses were parties to the bribery or had merely heard rumors of the bribery. Therefore, I conclude that Plaintiffs have not demonstrated that they based their allegations concerning Friedland on sufficient evidentiary basis to avoid sanctions under Rule 11.

I note that Plaintiffs' filing of the Amended Complaint does not cure their violation of Rule 11. Rule 11 provides a "safe harbor" provision that requires the moving party to serve a copy of the motion on the alleged violator and allow the alleged violator twenty-one days in which to "withdraw[] or appropriately correct[]" the "challenged paper, claim,

---

[4] I note that Plaintiffs were previously ordered to respond to Defendant Correa's discovery requests seeking identification of these witnesses (*see* Docket Nos. 43, 44, 60, 61). However, the discovery order was stayed (*see* Docket Nos, 69, 112).

defense, contention, or denial." Fed. R. Civ. P. 11(c)(2). If the alleged violator remedies the alleged violation, the moving party is barred from filing the motion with the court. *Id.* In this case, as Friedland served Plaintiffs on January 9, 2009, Plaintiffs' safe harbor period ended on January 30, 2009. Plaintiffs did not move to dismiss the complaint or file an amended complaint removing the specific allegations against Friedland during this time. As Rule 11 does not include a deadline for filing, Friedland was free to file the motion for sanctions at any time after January 30, 2009. He did so on February 9, 2009 at 11:28 a.m. MST. Some four hours later, at 3:45 p.m. MST, Plaintiffs filed the Amended Complaint removing the specific allegations against Friedland and instead generally referring to the "representatives of Ivanhoe" or "Defendants." As the Amended Complaint was filed outside of the safe harbor period, it did not cure the Rule 11 violations contained in the Original Complaint. Plaintiffs' suggestions that Friedland improperly filed his motion for sanctions *after* Plaintiffs cured the deficiencies by filing the Amended Complaint is plainly wrong.

Plaintiffs' allegations in their response that Defendants are using the motion for sanctions to delay the proceedings in this Court or for intimidation seek to avoid the clear function of Rule 11 to discourage baseless claims. Not only is there no deadline for filing the motion, the delay provided Plaintiffs with further opportunity to amend the complaint. Moreover, a ten day delay while discussing the issues with Plaintiffs' counsel was certainly not a lengthy delay. Furthermore, I note that Plaintiffs themselves served a Rule 11 notice letter on Friedland on February 6, 2009 but have not yet filed such motion with this Court. With regard to Plaintiffs' claim that Friedland used the Rule 11 procedure as intimidation, a moving party is required under Rule 11 to send a copy of

the motion to the opposing party prior to filing such motion with the court. These arguments do not persuade me that Plaintiffs should not be sanctioned.[5]

Turning to possible sanctions, the ultimate goal of Rule 11 is deterrence as opposed to compensation for the moving party. Although one could arguably impose a penalty and a larger expense amount to deter Plaintiffs' actions in the future, I conclude that a sanction for the amount of the expenses incurred by Friedland in making his motion for sanctions is sufficient to promote the goal of deterrence, especially given Plaintiffs' filing of the Amended Complaint to correct the Original Complaint's deficiencies. Therefore, Friedland shall submit a description of the total amount of expenses, including attorneys' fees, incurred in responding to the Original Complaint and in making the motion for sanctions. However, as the case has previously been dismissed, striking the specific paragraphs is not a valid sanction.

Accordingly, it is ordered:

1. Defendant Robert M. Friedland's Motion for Sanctions (Docket No. 39) is granted in part and denied in part.

2. Plaintiff Jack J. Grynberg and counsel Roger A. Jatko are sanctioned, jointly and severally, pursuant to Fed. R. Civ. P. 11(c) for a violation of Fed. R. Civ. P. 11(b)(3) in the amount of the total expenses, including attorneys' fees, incurred by Friedland in filing this motion for sanctions.

3. Friedland shall submit a description of the fees and costs incurred in pursuing

[5] To be clear, I find that imposition of sanctions against Grynberg and Jatko is proper based on the failure to have sufficient evidentiary support for allegations regarding Friedland made in the Original Complaint and not on the frivolous and unfounded arguments contained in Plaintiffs' response, although these arguably could form a basis for sanctions under Rule 11(b)(1) or (2).

this motion for sanctions pursuant to D.C.COLO.LCivR 54.3 and Section 7 of my Pretrial and Trial Procedures on or before October 20, 2009. Plaintiff and counsel shall have fourteen days thereafter to respond.

DATED at Denver, Colorado, on September 30, 2009.

BY THE COURT:

s/ Walker D. Miller
United States District Judge