IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-2528

JACK J. GRYNBERG, an individual;
COTUNDO MINERALES S.A., an Ecuadorian company;
RSM   PRODCUTION CORPORATION, a Texas corporation; and
ARCHIDONA MINERALES, S.A., a Panama corporation

    Plaintiffs,

v.

IVANHOE ENERGY, INC., a Canadian corporation;
IVANHOE ENERGY LATIN AMERICA INC., a Canadian corporation;
IVANHOE ENERGY ECUADOR, INC., a Canadian corporation;
ROBERT M. FRIEDLAND, an individual;
DAVID R. MARTIN, an individual; and
JOHN DOES 1-10, potential assignees of IVANHOE ENERGY ECUADOR, INC.,
    Defendants.

## ORDER

This matter comes before me on Plaintiffs' Motion for Reconsideration and to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (ECF No. 139). Oral argument will not materially aid in the resolution of this motion. After consideration of the parties' briefs and related pleadings and for the reasons set forth below, I deny Plaintiffs' motion.

### BACKGROUND

Plaintiffs sue Defendants for fraud, intentional and tortious interference with prospective unique business advantages, unjust enrichment, civil conspiracy to commit

fraud, and for violation of the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, *et seq.*).  *See* Amended Compl., ECF No. 40.  Ivanhoe makes no counterclaims but raises twenty-one "additional defenses."

Defendants moved to dismiss Grynberg's complaint for lack of personal jurisdiction.  (ECF No. 18).  I dismissed the case without prejudice finding that, even if there were a weak case for finding personal jurisdiction over Mr. Friedland, I would have declined to exercise jurisdiction over him because it would not have comported with traditional notions of fair play and substantial justice.  *See* Corrected Order on Various Motions at 16, ECF No. 164.  I also found that I could not exercise specific jurisdiction over Mr. Friedland because both the alleged tortious action and the alleged resulting injury occurred outside of Colorado.  *See id.* at 17–21.  Judgment was entered in favor of Defendants on October 2, 2009.

## STANDARD OF REVIEW

A motion filed within ten days[1] after the entry of judgment that questions the correctness of the judgment is properly treated as a motion to alter or amend the judgment.  Fed. R. Civ. P. 59(e); *see also, Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997).  Granting a Rule 59(e) motion to alter or amend judgment "is an extreme remedy to be granted in rare circumstances."  *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

There are three major grounds that justify reconsideration:  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to

---

[1] Fed. R. Civ. P. 59(e) has been revised to provide twenty-eight days in which to file a motion to alter or amend judgment.

correct clear error or prevent manifest injustice. *Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299 (D. Colo. 1997) (citing *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo.1988)). "[A] motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple'" and make legal arguments that could have been raised before. *Shields*, 120 F.R.D. at 126.

## DISCUSSION

Plaintiffs present no argument that there has been a change in the controlling law of personal jurisdiction. Accordingly, to obtain the relief they seek, Plaintiffs must show that there is new evidence or manifest injustice in the Order. Plaintiffs have shown neither.

### A. Newly Discovered Evidence

"When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Buell v. Sec. Gen. Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir. 1993) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

Plaintiffs claim that shortly after I entered judgment in favor of Defendants on October 2, 2009, they discovered three newspaper articles describing Mr. Friedland as a shareholder in Celestial Land Company Limited, a British Virgin Islands corporation, which owned property that it planned to develop in Pitkin County, Colorado. Motion ¶¶ 6-7. The first article was published on July 16, 2009 in the *Aspen Times* (ECF No. 139-3), the second on September 7, 2009 in the *Denver Post* (ECF No. 139-1), and the third

3

on September 9, 2009 in the *Aspen Times* (ECF No. 139-2). Based on the content of the articles, Plaintiffs now suppose that Celestial Land Company Limited and the Pitkin County property were owned by Mr. Friedland or by his company when this case commenced and, therefore, this court may have personal jurisdiction over him and should reopen the case and allow jurisdictional discovery. *See* Motion at ¶¶ 7 and 9, ECF No. 139.

Plaintiffs' counsel admits that at least one of the articles was available to Plaintiff before I entered my order on September 30, 2009. Plaintiffs' counsel state that they "recall briefly seeing the September 7 article in the *Denver Post* on or around September 7." *See* Reply at 3 n.2, ECF No. 161. Based on this footnote, alone, the article that Plaintiffs contend supports jurisdictional discovery was not newly discovered at the time of the decision being challenged. *See Buell*, 987 F.2d at 1472.

Giving Plaintiffs the benefit of the doubt that the newspaper articles were available prior to the Order but were not discovered until after entry of the Order, I consider whether Plaintiffs made a diligent, yet unsuccessful, attempt to discover articles about Mr. Friedland's connections to Colorado prior to September 30, 2009. *See id.* I find that they were not diligent.

Had Plaintiffs searched the Internet for "Robert M. Friedland" with some regularity, it is very likely that they would have discovered the three articles prior to September 30, 2009. Even if the motion to dismiss had been fully briefed by the time that the articles were discovered by these Internet searches, Plaintiffs could have moved to supplement or amend their response in opposition to the motion or could have renewed their motion to conduct jurisdictional discovery.

4

Plaintiffs also argue that the articles reveal new evidence of Mr. Friedland's personal ownership interest in Celestial Land Company, which could subject him to personal jurisdiction in Colorado. Motion at ¶¶ 4 and 13. Plaintiffs state that they were not aware of Mr. Friedland's apparent involvement in the property development in Pitkin County at the time that Plaintiffs filed their opposition to Defendants' motions. *Id.* at ¶ 13. The moment when the motions are filed is not decisive, however. Whether "the evidence was available at the time of the decision being challenged" is the decisive moment. *Buell v. Sec. Gen. Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir. 1993). The articles were available at the time of the decision and at least one of them had been discovered.

Plaintiffs also present email correspondence (ECF No. 139-4), which they purport is from the *Aspen Times'* reporter who wrote the July 16, 2009 article (ECF No. 139-3). Motion at ¶ 8 (ECF No. 139). The article intimates that Mr. Friedland is the owner of Celestial Land Company and states that he is the developer of the Pitkin County property. ECF No. 139-3. Plaintiffs did not obtain an affidavit from the reporter to support the assertions in the article or in the email, however. *See id.* Unsupported, hearsay statements do not create a basis to revisit my prior ruling. *See e.g.*, *U.S. v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998).

The articles were not new evidence at the time of entry of the Order and that Plaintiffs were not diligent in their efforts to uncover the evidence. Accordingly, Plaintiffs have not succeeded in proving that I should grant their motion based on newly discovered evidence.

5

B. <u>Manifest Injustice</u>

Plaintiffs claim that, in light of the newly discovered newspaper articles, failure to amend my order to reverse the denial of jurisdictional discovery would result in manifest injustice. I disagree.

"In the context of a motion for reconsideration, a 'manifest injustice' is defined as an error by the court that is 'direct, obvious, and observable.'" *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479 (D. S.C. 2007) (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682 (Bankr. C.D. Cal. 2003)); *see also*, *Black's Law Dictionary* 974 (7th ed. 1999) ("An error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.").

As discussed above, there is no newly discovered evidence and Plaintiffs were not diligent in attempting to find the existing evidence prior to the entry of order and judgment. Thus, there is no direct, obvious, and observable error in my ruling.

I conclude that the evidence presented by Plaintiffs was not newly discovered after the entry of the Order on September 30, 2009; that Plaintiffs did not search diligently for information concerning Mr. Friedland's connections to Colorado prior to the entry of the Order; and that the Order does not constitute manifest injustice.

It is ORDERED:

1. Plaintiffs' motion to vacate the Order denying Plaintiffs' jurisdictional discovery is denied.

2. Plaintiffs' motion to vacate the Order granting Defendants' motion to dismiss for lack of personal jurisdiction is denied.

3.	Plaintiffs' motion to vacate the October 2, 2009 Order is denied.

DATED at Denver, Colorado, on July 15, 2010.

BY THE COURT:

s/ Walker D. Miller
United States District Judge